IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

|                               |   |                    |
|-------------------------------|---|--------------------|
| CEDRIC FRANKLIN,              |   |                    |
|                               |   |                    |
|     Plaintiff, |   |                    |
|                               |   |                    |
| vs.                           |   | No. 07-2329-JDB/tmp |
|                               |   |                    |
| TENNESSEE BOARD OF PROBATION  |   |                    |
| AND PAROLES, et al.,          |   |                    |
|                               |   |                    |
|     Defendants. |   |                    |

---

ORDER DENYING MOTION FOR RELIEF FROM JUDGMENT
AND
ORDER REAFFIRMING APPEAL IS NOT TAKEN IN GOOD FAITH

---

On July 12, 2007, the Court entered its judgment dismissing Plaintiff Franklin's complaint in its entirety.  On July 24, 2007, Plaintiff placed a motion for relief from judgment under Fed. R. Civ. P. 60(b) in the mail.[1]  The motion was received and filed by the Clerk on July 31, 2007.

Franklin contends that the Court erred in dismissing his complaint.

Federal Rule Civ. P. 60(b) states, in relevant part:

---

[1]  Franklin's envelope is postmarked July 24, 2007, and his motion is dated July 23, 2007.  Because the motion was sent first class mail and was not placed in the prison mail system within ten (10) days of the entry of the Court's judgment, the Court does not consider the pleading as a motion to alter or amend the judgment under Fed. R. Civ. P. 59(e).

On motion and upon such terms as are just, the court may relieve a party . . . from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); . . . (6) any other reason justifying relief from the operation of the judgment. . . . The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Plaintiff's motion appears to be brought under Rule 60(b)(6). The Court has reviewed the record before it.  Contrary to Franklin's contention, his complaint was not dismissed pursuant to Fed. R. Civ. P. 12(h).  The Court is required to screen prisoner complaints and to dismiss any complaint, or any portion thereof, if the complaint—

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); see also 28 U.S.C. § 1915(e)(2)(B). The Court's order of July 11, 2007, gave adequate explanation to Franklin for the dismissal of his complaint.[2]

---

[2]     Furthermore, Plaintiff's contention that he may amend his complaint as a matter of law is based on pre-Prison Litigation Reform Act of 1995 law and is unfounded.  Rule 15(a) allows Plaintiff to file one amendment without leave of court before the Defendants have answered the complaint.  However, the Court must still perform the screening function set forth in 28 U.S.C. § 1915(e)(2)(B) and 1915A(b).  See Baxter v. Rose, 305 F.3d 486, 489-90 (6th Cir. 2002).  In McGore v. Wrigglesworth, 114 F.3d 601 (6th Cir. 1997), the Sixth Circuit examined these screening regimes and their effect on the prisoner-plaintiff's ability to amend his complaint, holding that "[u]nder the Prison Litigation [Reform] Act, courts have no discretion in permitting a plaintiff to amend a complaint to avoid a sua sponte dismissal." Id. at 612.  The heightened pleading standards for complaints covered by the PLRA are designed to facilitate the Act's screening requirements, which require district courts to **assess the fundamental viability**

Plaintiff's motion adds no facts or argument that would cause the Court to reconsider its <u>sua</u> <u>sponte</u> dismissal of his complaint under <u>Greenholtz v. Inmates of Neb. Penal & Corr. Complex</u>, 442 U.S. 1, 7 (1979), <u>Seagroves v. Tennessee Bd. of Probation & Parole</u>, 86 F. Appx. 45, 48 (6th Cir. 2003), and 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).   Plaintiff's Rule 60(b) motion is devoid of substantive merit or any reason justifying relief from the Court's judgment and is DENIED.

The Court repeats its previous certification, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by Plaintiff is not taken in good faith and Plaintiff may not proceed on appeal <u>in forma pauperis</u>.

IT IS SO ORDERED this 28th day of August, 2007.

<u>s/ J. DANIEL BREEN</u>
UNITED STATES DISTRICT JUDGE

---

of the claim on the basis of the initial complaint.   <u>Baxter</u>, 305 F.3d at 489.